## THE TEXAS SPORT.

### E. E. STONE LUMBER CO. v. TEXAS SPORTING GOODS CO.

#### No. 265.

District Court, S. D. Texas, Houston Division.
April 25, 1933.

W. F. Tarver and T. J. Stovall, both of Houston, Tex., for libelant.

Lockhart, Hughes & Lockhart, of Galveston, Tex., and McFarlane & Dillard, of Houston, Tex., for respondent.

KENNERLY, District Judge.

This is a libel in rem by libelant against the vessel Texas Sport, owned by respondent, the Texas Sporting Goods Company, to foreclose an alleged lien against such vessel for lumber and building material alleged to have been furnished by libelant to repair such vessel while owned by B. H. Elliott, Inc., and while named "Vicfre."

The facts are as follows:

1. During December, 1931, and January, February, and March, 1932, libelant sold and furnished to B. H. Elliott, Inc., the then owner of the vessel Vicfre (afterwards, and libeled herein as, the Texas Sport), lumber and building material of the reasonable value of $606.63, to be used, and which was used, by Elliott, Inc., in the repair of such vessel. Such lumber and other building material were, however, sold, not on the credit of the vessel, nor with the expectation of fixing a lien thereon, but on the credit of Elliott, Inc.,

and libelant expected to receive the price of such lumber and building material from Elliott, Inc., after Elliott, Inc., had sold the vessel to respondent, Texas Sporting Goods Company, and collected therefor. Libelant at no time claimed a lien against the boat prior to the institution of this suit, and looked solely to Elliott, Inc., for its pay in the manner stated. The vessel Vicfre, prior to its purchase by Elliott, Inc., was injured by fire, to the extent that it could not be navigated on its own power. It was purchased and repaired (not rebuilt) by Elliott, Inc., and sold to respondent, the present owner.

This suit was filed March 23, 1933, more than one year after the last of the lumber and building material were delivered by libelant to Elliott, Inc. During that period of time, the repairs on the vessel were completed, and without protest from libelant, it passed into the possession of respondent, and libelant, during such period, brought in the state court a suit for debt, for the price of such lumber and building material, against Elliott, Inc. Such suit has subsequently been dismissed.

2. Under the facts, I think libelant has no lien. See section 974, title 46 USCA, and Marshall & Co. v. The President Arthur, 279 U. S. 564, 565, 49 S. Ct. 420, 73 L. Ed. 846, and cases there cited and discussed.

Judgment for respondent.